1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)

3    UNITED STATES OF AMERICA,
                                      Case No. 4:21-cr-00253-ALM-
4               Plaintiff,            KPJ-1-8-10

5    v.

6    Kingsley Ita, Damilola
     Kumapayi a/k/a Luke Morris,
7    a/k/a Lil unc unc, and Ehiedu
     Onyeagwu a/k/a Young,
8
                Defendants.
9    UNITED STATES OF AMERICA,        Case No. 4:21-cr-00318-RAS-
                                      KPJ-1
10              Plaintiff,
                                      Plano, Texas
11   v.                               October 25, 2023
                                      11:50 a.m.
12   Muhammad Asim Shamim,

13              Defendant.

14

15          TRANSCRIPT OF CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
16                UNITED STATES MAGISTRATE JUDGE

17   APPEARANCES:

18   For the Plaintiff:          Heather H. Rattan, Esq.
                                 U.S. Attorney's Office
19                               101 East Park Blvd, Suite 500
                                 Plano, TX 75074
20
     For the Defendant:          Douglas H. Schopmeyer, Esq.
21   (Ita)                       Office of the Federal Public
                                 Defender
22                               600 East Taylor St.
                                 Ste 4000
23                               Sherman, TX 75090

24

25

```
1    APPEARANCES (continued):

2    For the Defendant:          Kambira R. Jones Morgan, Esq.
     (Kumapayi)                  The Jones Legal Defense Group,
3                                PLLC
                                 2201 Main Street
4                                Suite 800
                                 Dallas, TX 75201
5
     For the Defendant:          Matthew D. Hamilton, Esq.
6    (Onyeagwu)                  Bob Jarvis Law Firm
                                 123 West Houston
7                                Sherman, TX 75090

8    For the Defendant:          Richard B. Roper, III, Esq.
     (Shamim)                    Holland & Knight, LLP
9                                1722 Routh Street, Suite 1500
                                 Dallas, TX 75201-2533
10
     Court Recorder:             D.M.
11
     Transcription Service:      Chris Hwang
12                               Abba Reporting
                                 PO Box 223282
13                               Chantilly, Virginia  20153
                                 (518) 302-6772
14

15

16

17

18

19

20

21

22

23

24   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
25
```

```
 1          (Call to order at 11:50 a.m.)

 2              THE COURT:  All right, I'll call the next four cases

 3   together.  If you'll please stand in the order that I call your

 4   case.

 5              421-CR-253, United States v. Kingsley Ita; 421-CR-

 6   253, United States v. Damilola Kumapayi; 421-CR-253, United

 7   States v. Ehiedu Onyeagwu.  I know I'm not pronouncing that

 8   right, I'm sorry.  And 421-CR-318, United States v. Muhammad

 9   Asim Shamim.

10              MS. RATTAN:  Heather Rattan for the United States,

11   present and ready, Your Honor.

12              MR. SCHOPMEYER:  Douglas Schopmeyer for Mr. Kingsley.

13              THE COURT:  Good morning.

14              MR. SCHOPMEYER:  Mr. Ita, I apologize.

15              MS. MORGAN:  Good morning, Your Honor, or is it

16   morning still?

17              THE COURT:  It's still morning.

18              MS. MORGAN:  Yes, Your Honor Kambira Jones Morgan for

19   Mr. Kumapayi.

20              THE COURT:  Good morning.

21              MR. HAMILTON:  Matthew Hamilton for Mr. Onyeagwu.

22   Good morning.

23              THE COURT:  Good morning.

24              MR. ROPER:  Richard Roper from (indiscernible) for

25   Mr. Shamim.
```

```
 1                 THE COURT:  Good morning.

 2                 MR. ROPER:  Good morning, Your Honor.

 3                 THE COURT:  All right, sirs, please raise your right

 4      hand to be sworn.

 5           (Mr. Ita, Mr. Kumapayi, Mr. Onyeagwu, and Mr. Shamim are

 6      sworn)

 7                 THE COURT:  All right, we're here today, sirs, for

 8      your change of plea hearing.  I'll ask you a series of

 9      questions.  If you'll please answer my questions one at a time

10      and in the order that I called your case.

11                 Please state your full name and age for the record?

12                 MR. ITA:  Kingsley Ita, 44 years.

13                 MR. KUMAPAYI:  Damilola Kumapayi, 35.

14                 MR. ONYEAGWU:  Ehiedu Onyeagwu, 60.

15                 MR. SHAMIM:  Muhammad Asim Shamim, August 15th, '80.

16                 THE COURT:  What is the last grade of school that

17      you've completed?

18                 MR. ITA:  Master's degree, Business Administration.

19                 MR. KUMAPAYI:  Bachelor's degree.

20                 MR. ONYEAGWU:  Bachelor's degree.

21                 MR. SHAMIM:  Master's in Computer Science and

22      Software Engineer.

23                 THE COURT:  Have you ever been diagnosed with any

24      mental illness or problem?

25                 MR. ITA:  No, ma'am.
```

```
1              MR. KUMAPAYI:  No.

2              MR. ONYEAGWU:  No.

3              MR. SHAMIM:  No.

4              THE COURT:  Are you currently under the influence of

5   any drug or alcohol?

6              MR. ITA:  No.

7              MR. KUMAPAYI:  No, Your Honor.

8              MR. ONYEAGWU:  No.

9              MR. SHAMIM:  No.

10             THE COURT:  Counsel, do you believe that your client

11  is competent to proceed here today?

12             MR. SCHOPMEYER:  Your Honor, I believe Mr. Ita is

13  competent.

14             MS. MORGAN:  Yes, Your Honor.

15             MR. HAMILTON:  I do.

16             MR. ROPER:  Mr. Shamim is competent.

17             THE COURT:  Each of you have the right to have your

18  plea taken by the district judge that's assigned to your case

19  or you can have me, a United States magistrate judge, take your

20  plea and make a recommendation to the district court.  Do you

21  understand that you have this right?

22             MR. ITA:  Yes, Your Honor.

23             MR. KUMAPAYI:  Yes, Your Honor.

24             MR. ONYEAGWU:  Yes, Your Honor.

25             MR. SHAMIM:  Yes.
```

1      THE COURT:  I've received a signed waiver and consent

2  form to proceed before me with your entry of guilty plea.  Can

3  you confirm for the record that you signed that document?

4      MR. ITA:  Yes, Your Honor.

5      MR. KUMAPAYI:  Yes, Your Honor.

6      MR. ONYEAGWU:  Yes, Your Honor.

7      MR. SHAMIM:  Yes.

8      THE COURT:  Did you review that document with your

9  attorney before you signed it?

10      MR. ITA:  Yes.

11      MR. KUMAPAYI:  Yes, Your Honor.

12      MR. ONYEAGWU:  Yes, Your Honor.

13      MR. SHAMIM:  Yes.

14      THE COURT:  I find the waiver and consent has been

15  knowingly and voluntarily given.  Each of you have been charged

16  with violations of federal criminal law in an underlying

17  indictment.  Have you received a copy of your indictment?

18      MR. ITA:  Yes, Your Honor.

19      MR. KUMAPAYI:  Yes, Your Honor.

20      MR. ONYEAGWU:  Yes, Your Honor.

21      MR. SHAMIM:  Yes.

22      THE COURT:  You do have the right to have your

23  indictment read aloud at this time or you may waive that right.

24  What would you like to do?

25      MR. ITA:  Waive the right.

1          MR. KUMAPAYI:  I waive the right.

2          MR. ONYEAGWU:  I waive the right.

3          MR. SHAMIM:  Waive.

4          THE COURT:  Do you understand the nature of the

5    charges that are alleged against you?

6          MR. ITA:  Yes.

7          MR. KUMAPAYI:  Yes, Your Honor.

8          MR. ONYEAGWU:  Yes, Your Honor.

9          MR. SHAMIM:  Yes.

10          THE COURT:  Have you had sufficient time to review

11    and discuss your case with your attorney?

12          MR. ITA:  Yes, Your Honor.

13          MR. KUMAPAYI:  Yes, Your Honor.

14          MR. ONYEAGWU:  Yes, Your Honor.

15          MR. SHAMIM:  Yes.

16          THE COURT:  Are you satisfied with the advice and

17    representation that you've been given?

18          MR. ITA:  Yes.

19          MR. KUMAPAYI:  Yes, Your Honor.

20          MR. ONYEAGWU:  Yes, Your Honor.

21          MR. SHAMIM:  Yes.

22          THE COURT:  At this time, I'll ask the Assistant

23    United States Attorney to advise each of you of the elements of

24    the offense that you're pleading guilty to.

25              These are the elements that the Government would be

1    required to prove beyond a reasonable doubt to establish your

2    guilt if you were to go to trial.

3              Ms. Rattan?

4              MS. RATTAN:  Yes, Your Honor.  As to the first three

5    Defendants before the Court, they've all been charged in the

6    same First Superseding Indictment.  So the elements as to each

7    Defendants Kingsley Ita, Damilola Kumapayi, and Ehiedu Onyeagwu

8    are the same.

9              So the elements for the offense in the First

10   Superseding Indictment that they're charged in charge about --

11   which charges a violation of Title 18, United States Code

12   §1349, conspiracy to commit wire fraud are this.

13             One, that the Defendant and one or more persons

14   agreed to commit wire fraud.

15             Two, that the Defendant knew the unlawful purpose of

16   the agreement.

17             And three, that the Defendant joined in the agreement

18   with the intent to further the unlawful purpose.

19             Further, the elements of wire fraud under Title 18,

20   United States Code §1343 are as follows.

21             One, the Defendant knowingly devised or intended to

22   devise any scheme to defraud, that is the scheme to defraud

23   described in the First Superseding Indictment.

24             Two, that the scheme to defraud employed false

25   material representations or false material representations or

1  false material promises.

2         Three, that the Defendant transmitted or caused to be

3  transmitted by way of wire communications in interstate

4  commerce any writing or sign or signal for the purpose of

5  executing such scheme.

6         And four, that the Defendant acted with a specific

7  intent to defraud.  Those are the elements that pertain to the

8  first three Defendants before the Court.

9         The final Defendant before the Court, Muhammad Asim

10  Shamim, is charged in Counts 1 and 2 of his indictment.  Both

11  of those counts charge the same violation.  It's a violation of

12  Title 26, United States Code 7602 §2, preparing false tax

13  returns.

14         The elements are, one, that the Defendant aided or

15  assisted in, procured, counseled, or advised the preparation or

16  presentation of a document in connection with a matter arising

17  under the internal revenue laws.

18         Two, that the document was false as to a material

19  matter.

20         And three, that the act of the Defendant was willful.

21  Those are the elements as to each one of the Defendants, Your

22  Honor.

23         THE COURT:  Thank you.

24         Sirs, do each of you understand the essential

25  elements set forth for your case?

```
1              Mr. Ita, do you understand each of the elements?

2              MR. ITA:  Yes, Your Honor.

3              MR. KUMAPAYI:  Yes, Your Honor.

4              MR. ONYEAGWU:  Yes, Your Honor.

5              MR. SHAMIM:  Yes.

6              THE COURT:  Do you admit that you committed each one

7    of those elements?

8              MR. ITA:  Yes, Your Honor.

9              MR. KUMAPAYI:  Yes, Your Honor.

10             MR. ONYEAGWU:  Yes, Your Honor.

11             MR. SHAMIM:  Yes.

12             THE COURT:  I've received plea documents in each of

13   your cases consisting of a plea agreement, a plea agreement

14   addendum, and a factual basis.  Can you confirm for the record

15   that you signed each one of your plea documents?

16             MR. ITA:  Yes, Your Honor.

17             MR. KUMAPAYI:  Yes, Your Honor.

18             MR. ONYEAGWU:  Yes, Your Honor.

19             MR. SHAMIM:  Yes.

20             THE COURT:  Did you review each one of your plea

21   documents with your attorney before you signed them?

22             MR. ITA:  Yes, Your Honor.

23             MR. KUMAPAYI:  Yes, Your Honor.

24             MR. ONYEAGWU:  Yes.

25             MR. SHAMIM:  Yes.
```

```
 1              THE COURT:  All right, and I just want to confirm,

 2      Ms. Cox (phonetic), you have the signed plea documents for Mr.

 3      Shamim?

 4              THE CLERK:  Yes.

 5              THE COURT:  Okay.  All right, at this time, I'll

 6      review some of the paragraphs that are contained in your plea

 7      agreement, starting with Paragraph 1 entitled "Rights of the

 8      Defendant".

 9              This paragraph lists constitutional rights that you

10      have to plead not guilty, to have a trial by a jury, to have

11      your guilt proved beyond a reasonable doubt, to confront and

12      cross-examine witnesses, and to call witnesses in your defense.

13              Do you understand that you have these constitutional

14      rights?

15              MR. ITA:  Yes, Your Honor.

16              MR. KUMAPAYI:  Yes.

17              MR. ONYEAGWU:  Yes.

18              MR. SHAMIM:  Yes.

19              THE COURT:  Paragraph 2 states that if you plead

20      guilty in this case, you will waive those constitutional

21      rights.  Do you understand that?

22              MR. ITA:  Yes, Your Honor.

23              MR. KUMAPAYI:  Yes, Your Honor.

24              MR. ONYEAGWU:  Yes, Your Honor.

25              MR. SHAMIM:  Yes.
```

1          THE COURT:  Paragraph 3 lists the statutory penalties

2   that can be imposed in your case.  For Mr. Ita, Mr. Kumapayi,

3   and Mr. On -- how do I say your last name?

4          MR. ONYEAGWU:  Onyeagwu.

5          THE COURT:  Onyeagwu.

6          MR. ONYEAGWU:  Yes.

7          THE COURT:  They are as follows.  Imprisonment for a

8   period of not more than 20 years, a fine not to exceed

9   $250,000, a term of Supervised Release of not more than 3

10   years, and a mandatory special assessment of $100.

11          Mr. Shamim, for you, they are imprisonment for a

12   period not to exceed 3 years, a fine not to exceed $100,000, a

13   term of Supervised Release of not more than 1 year, and a

14   mandatory special assessment of $100.

15          Do each of you understand the statutory penalties

16   that can be imposed in your case?

17          MR. ITA:  Yes, Your Honor.

18          MR. KUMAPAYI:  Yes, Your Honor.

19          MR. ONYEAGWU:  Yes, Your Honor.

20          MR. SHAMIM:  Yes.

21          THE COURT:  Have you had an opportunity to review the

22   United States Sentencing Guidelines as they apply to your case

23   with your attorney?

24          MR. ITA:  Yes, Your Honor.

25          MR. KUMAPAYI:  Yes, Your Honor.

1          MR. ONYEAGWU:  Yes, Your Honor.

2          MR. SHAMIM:  Yes.

3          THE COURT:  Do you understand that while the Court

4   will refer to these Guidelines in determining your sentence,

5   the Court is not bound by the Guidelines?

6          MR. ITA:  Yes, Your Honor.

7          MR. KUMAPAYI:  Yes, Your Honor.

8          MR. ONYEAGWU:  Yes, Your Honor.

9          MR. SHAMIM:  Yes.

10          THE COURT:  For Mr. Shamim only, paragraph 4 of your

11   plea agreement states that your plea agreement is made pursuant

12   to Federal Rule of Criminal Procedure 11(c)(1)(C).  That means

13   that you and the Government agree that a specific sentence is

14   appropriate in your case.

15          The agreed upon sentence is set forth in subparagraph

16   (a) through (c) and is as follows.  The parties agree the

17   appropriate sentence is 36 months' probation.  You will pay the

18   mandatory special assessment of $100 at or prior to the

19   sentencing hearing.

20          The Court will determine and impose any fine,

21   restitution, forfeiture, community service, or term of

22   Supervised Release it deems appropriate.

23          Sir, is that your understanding of the agreement

24   you've made with the Government?

25          MR. SHAMIM:  Yes.

1   THE COURT:  Do you understand that the Court may

2   decline to accept that agreement?

3         MR. SHAMIM:  Yes.

4         THE COURT:  If that happens, you'll have two options.

5   One option is to withdraw your guilty plea.  Do you understand

6   that?

7         MR. SHAMIM:  Yes.

8         THE COURT:  The other option is to maintain your

9   guilty plea and be sentenced outside of this (c)(1)(C)

10  agreement.  Do you understand?

11        MR. SHAMIM:  Yes.

12        THE COURT:  Paragraphs 5 for Mr. Ita, Kumapayi, and

13  Onyeagwu, entitled "Guideline Stipulations" list certain

14  Guideline provisions that you and the Government agree should

15  apply in your case.  Do you understand that the Court is not

16  bound by these stipulations?

17        MR. ITA:  Yes, Your Honor.

18        MR. KUMAPAYI:  Yes, Your Honor.

19        MR. ONYEAGWU:  Yes, Your Honor.

20        MR. SHAMIM:  Yes.

21        THE COURT:  So, in determining your sentence, if the

22  Court applies a different Guideline provision than what's set

23  forth in this plea agreement, do you understand that you'll

24  still be bound by the plea agreement?

25        MR. ITA:  Yes, Your Honor.

1          MR. KUMAPAYI:  Yes, Your Honor.

2          MR. ONYEAGWU:  Yes.

3          MR. SHAMIM:  Yes.

4          THE COURT:  Paragraph 5 does not apply to you, Mr.

5     Shamim.

6          All right, the first three Defendants have a

7     forfeiture paragraph in your plea agreement.  That's paragraph

8     8.

9          Paragraph 8 states that each of you are agreeing to

10    forfeit to the United States voluntarily and immediately all of

11    your rights to any interest and property, which was used in the

12    commission of the offense or obtained in the commission of the

13    offense.  Is that accurate?

14         MR. ITA:  Yes, Your Honor.

15         MR. KUMAPAYI:  Yes, Your Honor.

16         MR. ONYEAGWU:  Yes, Your Honor.

17         THE COURT:  Okay, each of you have a voluntary plea

18    paragraph in your plea agreement that states your plea of

19    guilty is freely and voluntarily made.  Has anyone tried to

20    force you or threaten you to plead guilty in this case?

21         MR. ITA:  No, Your Honor.

22         MR. KUMAPAYI:  No, Your Honor.

23         MR. ONYEAGWU:  No, Your Honor.

24         MR. SHAMIM:  No.

25         THE COURT:  Other than this written plea agreement,

1    have any promises or assurances been made to you to try to get

2    you to plead guilty?

3              MR. ITA:  No, Your Honor.

4              MR. KUMAPAYI:  No, Your Honor.

5              MR. ONYEAGWU:  No, Your Honor.

6              MR. SHAMIM:  No.

7              THE COURT:  The next paragraph, waiver of right to

8    appeal or otherwise challenge your sentence, states that you're

9    agreeing to give up your appellate rights in this case with the

10   exception of two limited circumstances.

11             One of those circumstances is your right to appeal or

12   seek collateral review for a claim of ineffective assistance of

13   counsel.

14             The other is your right to appeal any sentence that

15   exceeds the statutory maximum set forth in paragraph 3.

16             Or Mr. Shamim, in your case, if the Court accepts

17   your (c)(1)(C) agreement, but then fails to sentence you within

18   the terms of that (c)(1)(C) agreement.

19             Each of you with the exception of Mr. Shamim,

20   Paragraph 9, immigration status consequences.  Are you a

21   citizen of the United States?

22             MR. ITA:  No, only resident.

23             THE COURT:  Mr. Kumapayi?

24             MR. KUMAPAYI:  No, Your Honor.

25             MR. ONYEAGWU:  U.S. citizen.

1          THE COURT:  Okay, so sir, you will disregard

2   paragraph 9 in your plea agreement.

3          For Mr. Ita and Mr. Kumapayi, do you each of you

4   understand that if you plead guilty in this case, after the

5   sentence is imposed, you could be deported?

6          MR. ITA:  Yes, Your Honor.

7          MR. KUMAPAYI:  Yes, Your Honor.

8          THE COURT:  Do you also understand that if you plead

9   guilty in this case, you may not be able to ever become a

10  citizen of the United States?

11         MR. ITA:  Yes, Your Honor.

12         MR. KUMAPAYI:  Yes, Your Honor.

13         THE COURT:  At this time, we'll review -- well,

14  Ms. -- let me ask you Mr. Shamim and Mr. Onyeagwu.

15         MR. ONYEAGWU:  Onyeagwu.

16         THE COURT:  Have you ever been convicted of a felony

17  before?

18         MR. ONYEAGWU:  No, Your Honor.

19         MR. SHAMIM:  No.

20         THE COURT:  Do you understand that if you plead

21  guilty in this case, in addition to the penalties imposed, you

22  will also lose certain rights that you now have as a citizen to

23  serve on a jury, to vote, and to possess a firearm?

24         MR. ONYEAGWU:  I do.

25         MR. SHAMIM:  I do.

 1          THE COURT:  At this time, we'll review the underlying

 2    factual basis for each case.

 3          Ms. Rattan, can you please summarize the factual

 4    basis?

 5          MS. RATTAN:  Yes, Your Honor.  As to the first three

 6    Defendants before the Court, they each have an identical

 7    factual basis.

 8          In that factual basis, the Defendant states that the

 9    Defendant stipulates and agrees that at all times relevant to

10    the First Superseding Indictment herein, the following facts

11    were true.

12          One, that the Defendant, who's entering a plea of

13    guilty, is the same person charged in the First Superseding

14    Indictment.

15          Two, that the events and conduct described in the

16    First Superseding Indictment occurred in the Eastern District

17    of Texas and elsewhere.

18          Three, that the Defendant and co-conspirators listed

19    in the First Superseding Indictment knowingly, willfully, and

20    acting with specific intent to defraud agreed to commit wire

21    fraud in violation of Title 18, United States Code §1349, that

22    is to devise a scheme to defraud and obtain money from victims

23    using materially false and fraudulent pretenses,

24    representations, and promises.

25          Further under 4, the Defendant and co-conspirators

1   transmitted or caused to be transmitted by way of wire

2   communications and interstate or foreign commerce writings for

3   the purpose of executing the scheme.  Those are the elements as

4   to the first three Defendants before the Court, Ita, Kumapayi,

5   and Onyeagwu.

6           As to the final Defendant, Defendant Shamim, the

7   factual basis as the Court has reviewed it very lengthy.  It's

8   seven pages long.

9           A summary of the factual basis would be that this

10  Defendant Shamim operates a tax preparer service and it's

11  located in the Eastern District of Texas.

12          The Defendant Shamim and his employees on multiple

13  occasions communicated with and met with an undercover law

14  enforcement officer.

15          The undercover law enforcement officer posed as an

16  individual who wanted have tax filings made that were

17  incorrect, inaccurate, and false.

18          And basically, paragraph 8 on page 3 of the

19  Defendant's factual basis sets out multiple contacts between

20  the Defendant and the undercover officer where these events

21  were discussed.

22          Paragraph 10 specifically discussed an email that the

23  Defendant participates in with the undercover officer where

24  they talk about the filings and the plan looked good.

25          And finally, and the most detailed information is

1    contained on page 5, which is in Paragraphs 12 and 13.  What

2    happened here is that there was a meeting between the Defendant

3    and the undercover officer and it was electronically monitored

4    and recorded and they discussed the false filings that were

5    going to be made.  And there are details here as to they what

6    discussed and what the false filings would entail.

7           And finally, in paragraph 16, it -- the Defendant

8    admits and details that the tax returns were submitted to the

9    IRS at the Defendant's direction, and that they were

10   fraudulent, and that they claimed false business purchase

11   expenses, gross sales receipts, and false Schedule C filings.

12          And the Defendant has admitted to this.  And

13   specifically, on page 6 continuing into page 7, there's a

14   detailed chart, which includes some of the false filings.

15          THE COURT:  Thank you.

16          Sirs, is everything in your factual basis true and

17   correct?

18          MR. SHAMIM:  Yes.

19          THE COURT:  Mr. Ita, is everything in your factual

20   basis true and correct?

21          MR. ITA:  Yes.

22          MR. KUMAPAYI:  Yes, Your Honor.

23          MR. ONYEAGWU:  Yes, Your Honor.

24          MR. SHAMIM:  Yes.

25          THE COURT:  Are there any changes that you'd like to

```
 1    make to it at this time?

 2              Mr. Ita?

 3              MR. ITA:  No.

 4              MR. KUMAPAYI:  No, Your Honor.

 5              MR. ONYEAGWU:  No.

 6              MR. SHAMIM:  No.

 7              THE COURT:  In your own words, please summarize the

 8    criminal conduct that you are pleading guilty to?

 9              MR. ITA:  I transmitted or caused to transmitted by

10    way of wire communication in interstate or foreign commerce

11    writings for the purpose of executing the scheme.

12              THE COURT:  Okay, do you also admit that you

13    participated in this scheme to defraud and obtain money from

14    victims using false representations and/or promises?

15         (Counsel confers with Mr. Ita)

16              THE COURT:  Mr. Kumapayi, do you want to go ahead?

17              MR. KUMAPAYI:  Yes, Your Honor.

18              MR. SCHOPMEYER:  We're ready.

19              THE COURT:  Oh, okay.

20              Go ahead, Mr. Ita.

21              MR. ITA:  Yes.

22              THE COURT:  Are both counsel satisfied there's a

23    factual basis to support this plea?

24              MS. RATTAN:  Yes, Your Honor.

25              MR. SCHOPMEYER:  Yes, Your Honor.
```

```
 1                   THE COURT:  All right.  Okay.

 2                   MR. KUMAPAYI:  Yes, I made ATM withdrawals with debit

 3        cards that are not in my name and different names and given to

 4        me by my aunt Sandra Iribhogbe.

 5                   And I also made wire transfers for her without

 6        knowing the full scheme of what the money was intended for.

 7                   And I did it based on she's my aunt and she's the

 8        family -- only family I knew here, so I didn't ask any

 9        questions and get to know the knowledge of what was going on.

10        That was --

11                   THE COURT:  Okay, well, paragraph 3 of your factual

12        basis states that you and others knowingly, willfully, and

13        acting with specific intent to defraud agreed to commit wire

14        fraud.  And that is, you participated in devising a scheme to

15        defraud, making false representations or promises.

16                   So, by you saying that you didn't know, I'm not sure

17        that that meets the elements of this offense.

18                   Ms. Rattan, what are your thoughts?

19                   MS. RATTAN:  It is concerning, Your Honor.

20                   MS. MORGAN:  Well, Your Honor, he did note that he

21        possessed and used debit cards that he knew were not in his

22        name.

23                   THE COURT:  Right, but he just told me it was because

24        it was his aunt's, you know, and he relied on that and trusted

25        that.  That's --
```

1          MS. MORGAN:  Your Honor, we -- may I have a moment?

2          THE COURT:  Yes.

3      (Counsel confers with Mr. Kumapayi)

4          THE COURT:  Okay, let's go on to you, sir.

5          MR. ONYEAGWU:  Okay, Your Honor.  I knowingly or

6    should have known that illegitimate funds were come into my

7    business banking account.  And I withdraw -- used those funds

8    to pay fish vendors overseas.  For that, I am guilty.

9          THE COURT:  Okay, and you knew before you

10   transferred, that those funds that they were obtained based on

11   false or fraudulent representations or promises?

12         MR. ONYEAGWU:  Yes, Your Honor.

13         THE COURT:  Are counsel satisfied there's a factual

14   basis to support this plea?

15         MS. RATTAN:  Yes, Your Honor.

16         MR. HAMILTON:  Yes, Your Honor.

17         THE COURT:  Mr. Shamim?

18         MR. SHAMIM:  I own an accounting practice.  And I

19   caused false tax return to be filed with the IRS.

20         THE COURT:  Specifically, Mr. Shamim, in paragraph

21   17, where it states Counts 1 and 2, the false claims amounts

22   for Count 1 was $134,132 and Count 2 was $1,368,851; is that

23   correct?

24         MR. SHAMIM:  Yes.

25         THE COURT:  Are both counsel satisfied there's a

```
 1   factual basis to support this plea?

 2              MS. RATTAN:  Yes, Your Honor.

 3              MR. ROPER:  Yes.

 4              THE COURT:  All right, sir, Mr. Kumapayi, I'm coming

 5   back to you.  Did you know that the money that you were wiring,

 6   transferring by wire was obtained by false or fraudulent

 7   promises, pretenses, or representations?

 8              MR. KUMAPAYI:  Yes, Your Honor.

 9              THE COURT:  Are counsel satisfied there's a factual

10   basis to support this plea?

11              MS. RATTAN:  Yes, Your Honor.

12              MS. MORGAN:  Yes, Your Honor.

13              THE COURT:  Defense counsel, have each of you had

14   sufficient time to review and discuss the case with your

15   client?

16              MR. SCHOPMEYER:  Your Honor, I have.

17              MS. MORGAN:  Yes, Your Honor.

18              MR. HAMILTON:  Yes, Your Honor.

19              MR. ROPER:  Yes, Your Honor.

20              THE COURT:  Do you join in your client's decision to

21   plead guilty?

22              MR. SCHOPMEYER:  Your Honor, just for the record, I'm

23   Ita's attorney and I do join in his decision to plead guilty.

24              MS. MORGAN:  Yes, Your Honor, I do join in his

25   decision to enter a plea of guilty.
```

1           MR. HAMILTON:  I do.

2           MR. ROPER:  We do.

3           THE COURT:  At this time, sirs, I'll ask how you

4   plead to the charge that's alleged against you.

5           Mr. Ita, Mr. Kumapayi, and Mr. Onyeagwu, as to Count

6   1 of the First Superseding Indictment charging a violation of

7   18 United States Code 1349, conspiracy to commit wire fraud,

8   how do you plead, guilty or not guilty?

9           MR. ITA:  I plead guilty.

10          MR. KUMAPAYI:  Guilty, Your Honor.

11          MR. ONYEAGWU:  Guilty.

12          THE COURT:  Mr. Shamim, as to Counts 1 and 2 of the

13  indictment charging a violation of 26 United States Code 76022,

14  preparing false tax returns, how do you plead, guilty or not

15  guilty?

16          MR. SHAMIM:  Guilty.

17          THE COURT:  I'll accept each of your pleas of guilty.

18  I'll make the following findings on the record for all of your

19  cases.

20          The Court finds that each of you are competent to

21  plead here, you've had assistance of counsel, you understand

22  your trial rights and the nature of the charges that are

23  alleged against you.

24          You understand the statutory penalties that can be

25  imposed in your case.  While the Court will refer to the

1    Sentencing Guidelines in determining your sentence, those

2    Guidelines are not binding on the Court.

3            I do find that your plea is knowing and voluntary and

4    there is a factual basis to support your plea.  I will make a

5    recommendation that the district court accept your plea of

6    guilty.  You have 14 days to make an objection to that

7    recommendation.

8            As to Mr. Shamim, who's currently on conditions of

9    release, I received a status report from Pre-Trial Services

10   stating that he's been compliant with those conditions.

11           Based on particularly the (c)(1)(C) agreement of

12   Probation, I'm assuming the Government has no objection to Mr.

13   Shamim remaining on those conditions of release pending his

14   sentence hearing?

15           MS. RATTAN:  No, Your Honor, we don't object.

16           THE COURT:  All right, Mr. Shamim, you will remain on

17   your conditions of release pending your sentencing hearing.

18           Anything further from counsel?

19           MS. RATTAN:  No, Your Honor.

20           MR. SCHOPMEYER:  Nothing from Defense for Mr. Ita,

21   Your Honor.

22           MS. MORGAN:  No, Your Honor.

23           MR. HAMILTON:  No, Your Honor.

24           MR. ROPER:  No, Your Honor.

25           THE COURT:  All right, we'll stand adjourned.

1          MR. SCHOPMEYER:  May I be excused, Judge?

2          THE COURT:  Yes, sir, thank you.

3      (Proceedings concluded at 12:16 p.m.)

1                                **CERTIFICATE**

2

3

4              I, Chris Hwang, court approved transcriber, certify

5     that the foregoing is a correct transcript from the official

6     electronic sound recording of the proceedings in the above-

7     entitled matter.

8

9

10

11              /s/ *Chris Hwang*

12              _____          August 9, 2024

13              Chris Hwang                   Date

14              Court Reporter

15

16

17

18

19

20

21

22

23

24

25